IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | 2:17-CR-015-D(1) |
| | § | |
| RONALD LEE MILLER, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

This memorandum opinion and order, originally entered on December 19, 2018, is reentered in accordance with the April 12, 2019 opinion of the United States Court of Appeals for the Fifth Circuit. *See United States v. Miller*, No. 18-10532 (5th Cir. Apr. 12, 2019) (per curiam).

Defendant Ronald Lee Miller ("Miller") has submitted a *pro se* December 6, 2018 letter to the court, which the clerk of court docketed on December 17, 2018, requesting that the court enter an order modifying information contained in his Presentence Investigation Report ("PSR"). Miller, who was sentenced in February 2018, contends that ¶ 35 of the PSR contains incorrect information about a prior conviction and that this error is affecting determinations made by the Bureau of Prisons ("BOP") regarding his classification and eligibility for certain rehabilitation programs. Treating the letter as a motion, the court grants it as set forth in this memorandum opinion and order.

I

The authority of a sentencing judge to alter documents of record after sentencing is limited. Under Fed. R. Crim. P. 32 and 36, a judge may only correct clerical errors in documents of record and cannot bypass the administrative remedies of the BOP by granting substantive changes to documents of record to provide relief to inmates challenging classification decisions of the BOP.

*See United States v. Engs*, 884 F.2d 894, 896 (5th Cir. 1989) (holding that district judges cannot amend PSRs for substantive challenges that could have been made during the objection period allowed during the sentencing phase); *cf. United States v. McKay*, 757 F.3d 195, 199 (5th Cir. 2014) (holding that district judges should correct clerical errors in the PSR that affect BOP determinations, and concluding that "[a]s long as the intentions of the parties are clearly defined and all the court need do is employ the judicial eraser to obliterate a mechanical or mathematical mistake, the modification will be allowed.").

II

After reviewing the information contained in ¶ 35 of the PSR, the court recognizes that Miller only received a misdemeanor conviction for a single count of the original four offenses charged. Having confirmed this information with the U.S. Probation Office, the court concludes that this paragraph contains a clerical, not substantive, error and should be modified in accordance with Rule 36.

Accordingly, the court orders the U.S. Probation Office to modify ¶ 35 of the PSR to reflect a conviction solely for "Carrying a Loaded Firearm: Public Place." The sentence received for the offense in this paragraph remains unchanged. This charge is "Count 3" of the charging instrument. The remaining counts 1, 2, and 4 shall be removed from the PSR.

The court further orders that the amended pages of the PSR be transmitted to the BOP and counsel for the government. The BOP shall make the amended pages available to Miller in accordance with the standard procedures for allowing inmates access to their PSRs while in custody.

This memorandum opinion and order shall be transmitted to the BOP, counsel for the government, and Miller.

**SO ORDERED**.

May 9, 2019.

SIDNEY A. FITZWATER
SENIOR JUDGE