IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Criminal No. 2:17-CR-015-D(01) |
| VS. | § | |
| | § | |
| RONALD LEE MILLER, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

On June 16, 2021 defendant Ronald Lee Miller ("Miller") filed a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  On June 21, 2021 the court addressed and denied the part of his motion that rested on COVID-based grounds.[1]  The court now rules on the part of his motion that seeks a sentence reduction on a basis other than COVID-19.  For the reasons explained, the court denies the balance of Miller's motion.[2]

I

Miller pleaded guilty to possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).  On February 14, 2018 the court sentenced him to 210

---

[1]Miller has appealed the court's June 21, 2021 order.  *See United States v. Miller*, No. 21-10757 (5th Cir. July 30, 2021).  The appeal does not deprive this court of jurisdiction to address the balance of Miller's motion because that appeal and the balance of the motion pertain to sufficiently distinct subject matter. *See, e.g., Rutherford v. Harris Cnty.*, 197 F.3d 173, 190 (5th Cir. 1999) (holding that district court lacks subject matter jurisdiction "over matters brought to the court of appeals").

[2]The court's decision concerning Miller's request for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) also encompasses his request to serve the remainder of his sentence on probation. *See* 18 U.S.C. § 3582(c)(1)(A) (providing circumstances under which a court "may impose a term of probation or supervised release . . . that does not exceed the unserved portion of the original term of imprisonment").

months' imprisonment to be followed by 3 years of supervised release.  On June 21, 2021 the court denied the part of Miller's June 16, 2021 motion to reduce sentence that was based on COVID grounds and deferred a ruling on the part of the motion that was based on non-COVID grounds.[3] The non-COVID basis for his motion is that his "father is elderly, (80-years-old), and requires help around the house as well as live-in care."  D. Mot. 5.  The court now addresses that ground.  The government opposes his motion.

II

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed.  *See* 18 U.S.C. § 3582(c).  But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the [Bureau of Prisons ('BOP')] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'"  *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see also id.* at 693 n.1.[4]  When deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable."  18 U.S.C. § 3582(c)(1)(A).  But "neither the policy statement" of the Sentencing Commission "nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582."  *United States v. Shkambi*, 993 F.3d 388, 393

---

[3]On July 6, 2021 the court, on a motion by Miller, amended its June 18, 2020 order.  The amendment did not alter the result of the court's June 21, 2021 ruling.

[4]Miller has attached evidence that the warden of his facility denied his request for compassionate release on March 26, 2021.  The court will therefore assume *arguendo* that Miller has properly exhausted his administrative remedies, as required under 18 U.S.C. § 3582(c)(1)(A).

-2-

(5th Cir. 2021).

### III

The court is not persuaded that Miller has presented extraordinary and compelling circumstances that warrant a sentence reduction.  Although Miller contends that his elderly father requires help around the house and live-in-care, Miller has not explained why he alone is capable of providing these services for his father.  Nonetheless, in light of the court's decision below that, considering the § 3553(a) factors, Miller should not be released, it will assume *arguendo* that he has demonstrated extraordinary and compelling reasons that warrant a sentence reduction.  *See, e.g., United States v. Rudzavice*, 831 Fed. Appx. 731, 732 (5th Cir. 2020) (per curiam) (declining to decide whether risk of reinfection constituted extraordinary and compelling reason for compassionate release because district court did not abuse its discretion by concluding that defendant remained danger to safety of others and that his immediate release after serving less than half of his sentence would not be in the interest of justice and would minimize the seriousness of his crimes).

### IV

The court now turns to an analysis of the § 3553(a) factors.

As noted, when deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable."  18 U.S.C. § 3582(c)(1)(A); *see also Shkambi*, 993 F.3d at 393 ("The district court on remand is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a).").  Under § 3553(a)(2), the court can consider such factors as "the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the

offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant[.]"  "[C]onsideration of the pertinent § 3553(a) factors functions as a reliable cross-check against (and can result in the veto of) the preliminary conclusion that there are extraordinary and compelling reasons to reduce [a defendant's] sentence."  *United States v. Rainwater*, 2021 WL 1610153, at *3 (N.D. Tex. Apr. 26, 2021) (Fitzwater, J.).

The court considers the first two components of § 3553(a)(2) together.  Miller is currently serving a 210-month sentence for committing a very serious drug offense.  He is not eligible for release from prison until January 11, 2032.  If the court grants Miller's motion, it will be ordering him released more than *10 years* before he would otherwise be eligible.  Not only would Miller's release not be in the interest of justice, it would minimize the seriousness of his crime and would fail to afford adequate deterrence to this type of criminal conduct.  *See Chambliss*, 948 F.3d at 694 (holding that district court did not abuse its discretion in denying compassionate release on grounds that, *inter alia*, "requiring [defendant] to serve the remainder of his sentence would 'provide just punishment for the offense' and 'afford adequate deterrence to criminal conduct'").

Concerning the need to protect the public from future crimes, Miller contends that he "poses no risk to the community if he were to be released."  D. Mot. 4.  He asserts that he has been a model inmate; that he has shown exemplary behavior throughout the term of his incarceration; that he has not had a single disciplinary incident during his incarceration; that he has completed various courses; and that he has a plan concerning where to live and work if released.  Miller also maintains that he is not a danger to the public because he is a nonviolent drug offender; he has served almost five years of his sentence and is 58 years old; he received a low PATTERN score, indicating a low risk of recidivism; and in January 2022 he will be transferred to an out-of-custody camp.

Although Miller maintains that he is not a danger to the community, he has failed to offer sufficient evidence to substantiate this assertion. *See United States v. Crandle*, 2020 WL 2188865, at *3 (M.D. La. May 6, 2020) ("Generally, the defendant has the burden to show circumstances meeting the test for compassionate release.").  Moreover, the undersigned as the sentencing judge is aware of Miller's relevant offense conduct and criminal history[5] and finds that he would pose a danger to the public if granted an early release. *See United States v. Keys*, 846 Fed. Appx. 275, 276 (5th Cir. 2021) (per curiam) (holding that district court did not abuse its discretion by relying on defendant's 30-year-old bank-robbery conviction when denying motion for compassionate release despite defendant's contention that his post-sentencing conduct showed he was no longer a danger to the public).

Weighing the pertinent § 3553(a) factors together, the court concludes that Miller is not entitled to a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). *See, e.g., United States v. Samak*, 832 Fed. Appx. 330, 331 (5th Cir. 2020) (per curiam) (affirming denial of motion for compassionate release and holding that district court did not abuse its discretion when it "specifically cit[ed] the nature of [defendant's] offense conduct, the need for the sentence imposed to reflect the seriousness of the offense, the need to protect the public, and the need to afford adequate deterrence to criminal conduct").

---

[5]At the time of sentencing, Miller fell into criminal history category III.

\*   \*   \*

Accordingly, for the reasons explained, the court denies the balance of Miller's June 16, 2021 motion for sentence reduction (i.e., the part that is based on non-COVID grounds).

**SO ORDERED**.

August 13, 2021.

SIDNEY A. FITZWATER
SENIOR JUDGE