IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

UNITED STATES OF AMERICA,       §
                                §
                 Plaintiff,     §
                                §  Criminal No. 2:17-CR-015-D(01)
VS.                             §
                                §
RONALD LEE MILLER,              §
                                §
                 Defendant.     §

MEMORANDUM OPINION
AND ORDER

Defendant Ronald Lee Miller moves for compassionate release under 18 U.S.C. §
3582(c)(1)(A) and for the appointment of counsel. For the reasons that follow, the court denies the
motion and the request for appointed counsel.

I

Miller pleaded guilty to possession with intent to distribute methamphetamine, in violation
of 21 U.S.C. § 841(a)(1) and (b)(1)(C). On February 14, 2018 the court sentenced him to 210
months' imprisonment to be followed by 3 years of supervised release. On June 17, 2020 Miller
filed a COVID-19-based motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), which
the court denied. [ECF Nos. 110, 111] One year later, on June 16, 2021, Miller filed a second
motion to reduce sentence [ECF 112], which the court in part denied on June 21, 2021 [ECF No.
115] and as to the balance denied on August 13, 2021 [ECF No. 127]. Miller appealed the denial
of his motion to reduce sentence, but his appeal was dismissed. [ECF No. 130]

On June 15, 2026 Miller filed the instant motion for compassionate release under 18
U.S.C. § 3582(c)(1)(A) based on "extraordinary and compelling medical circumstances."

D. Mot. 2.  The court ordered the government to file a response, which it did on July 15, 2026.  Miller's reply, had he opted to file one, was due on August 5, 2026.  His motion is now ripe for decision.

II

A

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed.  *See* 18 U.S.C. § 3582(c).  But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the [Federal Bureau of Prisons ("BOP")] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see also id.* at 693 n.1.[*]  When deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable."  18 U.S.C. § 3582(c)(1)(A).  Of course, it is now well settled that "neither the policy statement" of the Sentencing Commission "nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582." *United States v.*

---

[*]Miller contends in his motion that he submitted a request for compassionate release to the Warden of his facility on March 25, 2026, that more than 30 days have passed since the Warden received that request, and that no relief has been granted.  D. Mot. 3.  Because doing so does not change the outcome of the decision on Miller's motion, the court will assume *arguendo* that he exhausted his administrative remedies, as required under 18 U.S.C. § 3582(c)(1)(A).

*Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021).  To be clear, the court does *not* consider itself to be bound by U.S.S.G. § 1B1.13 in deciding this § 3582(c)(1)(A) motion brought by a prisoner.

B

Miller moves for compassionate release based on "extraordinary and compelling medical circumstances."  D Mot. 2.  He contends that he suffers from a serious hematologic disorder diagnosed by oncology as consistent with leukemia or a leukemia-type blood cancer, with elevated platelet counts that have presented a serious risk of thrombosis, stroke, vascular blockage, and other life-threatening complications; that in December 2023 he suffered a retinal vein occlusion that caused approximately 30-40% permanent vision loss in his left eye and both oncology and retina specialists have associated that event with his platelet disorder; that despite the seriousness of his condition, multiple ordered diagnostic tests, referrals, monitoring, and specialist follow-ups have not been timely completed; that his condition requires specialized oncology and hematology oversight, and the failure to provide ordered care places him "at risk of serious deterioration or death," *id*. at 3; that he also suffers from COPD, asthma, and bronchitis and ordered sleep studies have not been completed; that he has a prior history of colon cancer in 2020 and continues to experience chronic gastrointestinal complications related to that history; and that the combined effect of his health conditions is extraordinary and compelling because these conditions create a medical-risk profile that cannot be safely managed without reliable, timely, specialized care.

Because the court concludes below that Miller's motion should be denied after

considering the § 3553(a) factors, it will assume *arguendo* that Miller has shown an extraordinary and compelling reason. *See, e.g.*, *United States v. Rudzavice*, 831 Fed. Appx. 731, 732 (5th Cir. 2020) (per curiam) (declining to decide whether risk of reinfection during COVID-19 pandemic constituted extraordinary and compelling reason for compassionate release because district court did not abuse its discretion by concluding that defendant remained danger to safety of others and that his immediate release would not be in the interest of justice and would minimize the seriousness of his crimes).

### III

The court now considers the § 3553(a) factors. As noted, when deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A); *see also Shkambi*, 993 F.3d at 393 ("The district court on remand is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)."). Under § 3553(a)(2), the court can consider such factors as "the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant[.]" "[C]onsideration of the pertinent § 3553(a) factors functions as a reliable cross-check against (and can result in the veto of) the preliminary conclusion that there are extraordinary and compelling reasons to reduce [a defendant's] sentence." *United States v. Rainwater*, 2021 WL 1610153, at *3 (N.D. Tex. Apr. 26, 2021) (Fitzwater, J.). "When a district court denies a motion for compassionate release, it must

- 4 -

give "'specific factual reasons" for its decision.'" *United States v. Stanford*, 79 F.4th 461, 463 (5th Cir. 2023) (quoting *United States v. Handlon*, 53 F.4th 348, 351 (5th Cir. 2022)).

In this case, Miller is currently serving a 210-month sentence for possession with intent to distribute methamphetamine, a drug that is extremely deleterious to users and the community at large. At the time of sentencing, Miller fell into criminal history category V—the category that is just below the highest—based on multiple prior convictions for drug-related offenses, including convictions for illegally possessing a firearm. He is not eligible for release from prison until February 21, 2031. If the court grants his motion, it will be ordering him released more than 4 years before he would otherwise be eligible. In the court's view, the sentence that the court originally imposed is required to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, and to afford adequate deterrence to criminal conduct. Consideration of the remaining factors does not persuade the court that a lower sentence would be sufficient, but not greater than necessary, to comply with the purposes set forth in § 3553(a)(2). *See Chambliss*, 948 F.3d at 694 (holding that district court did not abuse its discretion in denying compassionate release on grounds that, *inter alia*, "requiring [defendant] to serve the remainder of his sentence would 'provide just punishment for the offense' and 'afford adequate deterrence to criminal conduct.'").

Weighing the pertinent § 3553(a) factors together, the court concludes that Miller's sentence should not be reduced under 18 U.S.C. § 3582(c)(1)(A). *See, e.g.*, *United States v. Samak*, 832 Fed. Appx. 330, 331 (5th Cir. 2020) (per curiam) (affirming denial of motion for

compassionate release and holding that district court did not abuse its discretion when it "specifically cit[ed] the nature of [defendant's] offense conduct, the need for the sentence imposed to reflect the seriousness of the offense, the need to protect the public, and the need to afford adequate deterrence to criminal conduct").

IV

Miller also requests appointment of counsel, contending that his motion involves serious oncology and hematology issues, delayed specialist care, and potentially complex medical records. But a defendant has no constitutional right to appointed counsel in pursuing a motion of this type. *See United States v. Whitebird*, 55 F.3d 1007, 1010-11 (5th Cir. 1995). The decision whether to appoint counsel is within the court's discretion. *Id*. at 1011. Because Miller has failed to provide the court any grounds that persuade it to exercise its discretion to appoint counsel, the court denies his request.

\* \* \*

Accordingly, the court denies Miller's June 15, 2026 motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) and his request for appointed counsel.

**SO ORDERED**.

August 12, 2026.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE